Richard Coulter, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 71402.  Promulgated May 14, 1935.

*Samuel L. Young, Esq.*, for the respondent.

OPINION.

Sternhagen : The Commissioner, by disallowing a deduction for loss on the sale of shares, determined a deficiency of $3,085.27 in petitioner's income tax for 1930.  The facts are submitted in a written stipulation which it is unnecessary to set forth.  Section 118, Revenue Act of 1928, is the controlling statute.

The petitioner, on his return for 1930, described himself as a banker, and his principal income was shown to be derived from salaries and executor's fees.  His first contention is that the loss was incurred in his trade or business of buying and selling securities, and therefore is deductible despite the wash sale provision. There is no support for this either in law or in the evidence.  There is no statutory exception as to individuals, and the exception as to corporations is limited to a " dealer."  This term has been held to mean the same in section 118 as in section 22 (c), regarding inventories.  *Donander Co.*, 29 B. T. A. 312.  The Commissioner, however, in article 661 of Regulations 74, has excluded from the restriction of the wash sale provision an individual taxpayer engaged " in the trade or business of buying and selling securities."  Assuming this to be a permissible qualification of the statute, it is not sufficient that a taxpayer can show a series of individual transactions, whether speculative or for investment.  *Bedell* v. *Commissioner*, 30 Fed. (2d) 622; *Taylor* v. *Commissioner*, 76 Fed. (2d) 904.  The evidence here indicates only that the petitioner had a brokerage account upon which, in 1930, he bought and sold securities, including shares in the American Water Works & Electric Co. of which he was a director.  This evidence is not enough to establish a trade or business not subject to the restrictions of the wash sale provision.

The deduction here in question is claimed in respect of a loss upon the sale, on December 18, 1930, of 500 shares of American Water Works stock, and the disallowance by the Commissioner is based upon the fact that on the preceding November 28 the petitioner purchased 200 shares. The Commissioner applied the first in, first out rule of Regulations 74, article 58, and disallowed so much of the loss, so computed, as was applicable to 200 shares. The taxpayer complains that this is an inconsistent method of combining the wash sale provision and the first in, first out rule, arguing that the Commissioner can not consistently hold that the shares sold December 18 are to be identified with those purchased on November 30, and at the same time that their cost is to be found by the first in, first out rule in the earliest purchases. The fallacy, however, of the petitioner's position is in the idea that the wash sale disallowance connotes an identity in the shares sold and those purchased within the preceding 30 days. The wash sale statute is not concerned with the identity of the shares sold, but only provides categorically that the *deduction* shall be disallowed if any substantially identical property is acquired within 30 days. For the purpose of the wash sale provision, therefore, it is only necessary that the Commissioner should disallow so much of the loss as is proportionately applicable to 200 shares. In determining the measure of the loss sustained on the sale of the 500 shares on December 18, the first in, first out rule is no less applicable because part of the loss is precluded from deduction under the wash sale statute.

In view of the decision that both the wash sale provision and the first in, first out rule may properly be used, the petitioner makes no complaint of the mathematical computation of the disallowed portion of the loss.

*Judgment will be entered for the respondent.*