SOL H. MORRIS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 85277. Promulgated August 5, 1938.

*Daniel D. Contarsy, C. P. A.*, for the petitioner.
*Carroll Walker, Esq.*, for the respondent.

OPINION.

KERN: This proceeding involves a deficiency in income tax liability of petitioner for the calendar year 1933, determined by respondent in the sum of $689.19. That part of the deficiency is in question here which arises by reason of respondent's adding to petitioner's income the profit on the sale of stocks amounting to $6,368.95. The deficiency notice stated that this amount "represents an increase of income from the joint venture, which was increased by the amount of $24,787, representing a loss estimated by the venture in connection with the sales of capital of the General American Tank & Transportation Co. This loss is held to represent a wash sale and is, therefore, not deductible. (Article 661, Regulations 77)."

Petitioner's principal business was that of a stockbroker and trader. He resided and did business in the city of Chicago, Illinois. In 1933 petitioner and two other individuals were engaged in the purchase and sale of stock of the General American Tank & Transportation Co. in a joint account. In this joint venture petitioner had a 25 percent interest in its losses or profits and executed all of the transactions consummated by the joint venture.

During the period from June 21 to December 31, 1933, petitioner spent the greater part of his time in carrying on the trading activities of the joint venture. The market hours were from 9 a. m. to 2 p. m. and petitioner spent at least four of these hours each day either watching the market or consummating transactions on behalf of the joint venture. During this period the joint venture completed approximately six hundred transactions on one hundred different days, and the amount involved therein was approximately $5,000,000. During the year 1933 petitioner received an income of $2,400 from his business as broker, and the sum of $8,854.92 as profits from the transactions of the joint venture. This latter figure represented one-fourth of the profits of the joint venture, determined by deducting the total losses from its transactions from the total profits therefrom.

Losses by individual taxpayers are deductible from gross income pursuant to section 23 (e) (1), (2) of the Revenue Act of 1932, set out in the margin.[1]

---

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

(e) LOSSES BY INDIVIDUALS.—Subject to the limitations provided in subsection (r) of this section, in the case of an individual, losses sustained during the taxable year and not compensated for by insurance or otherwise—

(1) if incurred in trade or business; or

(2) if incurred in any transaction entered into for profit, though not connected with the trade or business; \* \* \*

The loss which petitioner claims as a deduction and is involved in this proceeding was disallowed by respondent on the ground that it is the type of loss which is not to be allowed as a deduction by reason of section 118 (a) of the Revenue Act of 1932, commonly known as the "wash sales" provision of the act, which section, together with article 661 (a) of Regulations 77, is set out in the margin.[2]

It is to be noted that the prohibition of the allowance of losses arising out of "wash sales" of stock or securities so far as individual taxpayers are concerned, is contained in the language, "no deduction for the loss shall be allowed under section 23 (e) (2)." There is no prohibition against the allowance of a deduction for such a loss under section 23 (e) (1). It, therefore, follows that if a loss is sustained by the taxpayer, such as is described in section 118 (a) of the act, and is incurred in taxpayer's trade or business, it is an allowable deduction, since it is not subject to the application of section 118 (a), which by its terms applies only to losses "incurred in any transaction entered into for profit, though not connected with the trade or business." This construction of the statute is recognized by article 661 of Regulations 77, which states that the "prohibition [contained in section 118 (a)] does not apply (1) in the case of a taxpayer, not a corporation, if the sale or other disposition of stock or securities is made in connection with the taxpayer's trade or business."

Were the sales of stock and securities involved in this proceeding made in connection with petitioner's trade or business? We think

[2] SEC. 118. LOSS FROM WASH SALES OF STOCK OR SECURITIES.

(a) In the case of any loss claimed to have been sustained from any sale or other disposition of shares of stock or securities where it appears that, within a period beginning 30 days before the date of such sale or disposition and ending 30 days after such date, the taxpayer has acquired (by purchase or by an exchange upon which the entire amount of gain or loss was recognized by law), or has entered into a contract or option so to acquire substantially identical stock or securities, then no deduction for the loss shall be allowed under section 23 (e) (2) ; nor shall such deduction be allowed under section 23 (f) unless the claim is made by a corporation, a dealer in stocks or securities, and with respect to a transaction made in the ordinary course of its business.

ART. 661. *Losses from wash sales of stock or securities.*—(a) A taxpayer can not deduct any loss claimed to have been sustained from the sale or other disposition of stock or securities, if, within a period beginning 30 days before the date of such sale or disposition and ending 30 days after such date (referred to in this article as the 61-day period), he has acquired (by purchase or by an exchange upon which the entire amount of gain or loss was recognized by law), or has entered into a contract or option so to acquire, substantially identical stock or securities. However, this prohibition does not apply (1) in the case of a taxpayer, not a corporation, if the sale or other disposition of stock or securities is made in connection with the taxpayer's trade or business, or (2) in the case of a corporation, a dealer in stock or securities, if the sale or other disposition of stock or securities is made in the ordinary course of its business as such dealer. See article 58 as to stock or securities sold from lots purchased at different dates or at different prices where the identity of the lots can not be determined ; article 501 as to the treatment, for the purpose of capital net gain, of stock or securities acquired in connection with wash sales ; and article 602 for the basis for determining gain or loss from the subsequent sale or other disposition of such stock or securities.

that the answer must be in the affirmative. Petitioner devoted the largest part of his business time to carrying on the activities of the joint venture in buying and selling securities. During the last six months of 1933 the joint venture completed over 600 transactions connected with the purchase and sale of securities and involving an amount of money in excess of $5,000,000. A greater proportion of petitioner's income was derived from the business of the joint venture than from any other business in which petitioner was engaged. Petitioner's activities during the taxable year in connection with the stock trading of the joint venture were not isolated transactions but were "such that they may, of themselves, be regarded as a regular occupation for the purpose of livelihood or profit." *Oscar E. Rehm*, 21 B. T. A. 243; *Richard D. Wyckoff*, 19 B. T. A. 263; *George P. Sacks*, 25 B. T. A. 415. These authorities are also quite clearly to the effect that a person can be engaged in more than one trade or business. *Ignaz Schwinn*, 9 B. T. A. 1304; *Harry F. Harper*, 20 B. T. A. 143, 153.

Respondent's argument is, apparently, that the only exception contained in the "wash sales" provision of the revenue act (section 118) is granted to a corporation which is "a dealer in stocks or securities", and, therefore, since a joint venture is considered as a partnership by virtue of section 1111 (a) (3) of the Revenue Act, the "wash sales" provision is applicable to the transactions here in question. However, as we have pointed out, no specific exception is required as to losses of this type which are deductible under section 23 (e) (1) of the revenue act, since section 118 (a) of the act, by its terms, applies only to losses claimed by individual taxpayers which would otherwise be allowed under section 23 (e) (2), and not as to those deductible under section 23 (e) (1).

Respondent relies on the case of *Richard Coulter*, 32 B. T. A. 617. That case, however, merely held that "it is not sufficient that a taxpayer can show a series of individual transactions, whether speculative or for investment", and that the evidence therein was "not enough to establish a trade or business not subject to the restrictions of the wash sale provision." As we read the opinion in that case, it is not inconsistent with any of the views which we have expressed.

*Decision will be entered under Rule 50.*